UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEEM PAJER,

Petitioner,

v.

JOAN ROGGENBUCK,

Respondent.
_________________________________/

Case No. 11-cv-14861

HONORABLE NANCY G. EDMUNDS

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Rasheem Pajer ("Petitioner"), is a former Michigan State prisoner on parole supervision with the Michigan Department of Corrections through the Wayne County Parole Office.[1] He has filed a petition for writ of habeas corpus challenging his conviction of armed robbery and possession of a firearm during the commission of a felony. He was sentenced on May 21, 2007 to three to 20 years imprisonment for the armed robbery conviction consecutive to two years for the firearm conviction. Respondent Joan Roggenbuck has moved for summary judgment, arguing that the petition should be dismissed because it is barred by the statute of limitations. Petitioner has not responded to the motion for summary

[1]Petitioner was incarcerated at the Woodland Center Correctional Facility in Lapeer, Michigan, when he originally filed his habeas petition. Publicly available records show he was paroled on October 23, 2012. *See* Michigan Dept. Corr. Offender Tracking Sys. (OTIS): http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=647545. Jurisdiction is determined at the time the petition is filed, and a petitioner's subsequent release does not defeat federal jurisdiction. *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). Furthermore, parole is a form of custody for purposes of the habeas corpus statute and therefore a prisoner's parole does not moot a petition filed while in prison. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993).

judgment. The Court finds that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case and therefore grants Respondent's motion for summary judgment.

I.

Petitioner was convicted by a Wayne County court, on May 7, 2007, of armed robbery and felony firearm. He was sentenced on May 21, 2007.

Petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions on October 21, 2008, in an unpublished opinion. *People v. Pajer*, No. 278958, 2008 WL 4649119 (Mich. App. Oct 21, 2008). Petitioner did not file an application for leave to appeal this decision with the Michigan Supreme Court. See Affidavit of Corbin R. Davis (Dkt. 10-7). Nor did Petitioner petition the United States Supreme Court for a writ of certiorari. Petitioner has not filed any motions for post-conviction relief with regard to the convictions at issue in his petition.

Petitioner signed his federal petition instituting this action on October 23, 2011.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed

application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this case, direct review concluded 56 days after the October 21, 2008 decision of the Michigan Court of Appeals affirming Petitioner's convictions, because Petitioner did not file an application with the Michigan Supreme Court for leave to appeal that decision. Under Michigan's court rules, Petitioner had 56 days from the date of the Michigan Court of Appeals decision to file an application for leave to appeal in the Michigan Supreme Court. See Mich. Ct. R. 7.302(C)(2). Because Petitioner failed to file an application for leave to appeal within the time allowed, his convictions became final on Tuesday, December 16, 2008, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 655-56 (2012) (United States Supreme Court can consider only judgments of state court of last resort or lower courts where higher court had denied discretionary review; where petitioners forgo state-court appeals, limitations period is triggered by state court rules). The one-year statute of limitations began to run on the following day, Wednesday, December 17, 2008. See Fed. R. Civ. P. 6(a)(1)(A). The

limitation period expired one year later, on December 17, 2009. The petition was signed on October 23, 2011, one year and ten months past the one-year deadline.

The petition is therefore untimely unless equitable tolling applies. The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted). Petitioner has failed to raise equitable tolling in his petition or allege any facts or circumstances that would warrant its application in this case, and has failed to respond in any manner to the state's motion for summary judgment. Petitioner has therefore failed to meet his burden of proving that he is entitled to equitable tolling.[2]

---

[2]Respondent argues in the alternative that certain claims in the petition are unexhausted or procedurally defaulted. Because the petition is time-barred, the Court does not reach these alternative arguments.

The petition is time-barred by the statute of limitations and there is no basis to equitably toll the limitations period. The Respondent's motion for summary judgment will therefore be granted.

III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court denies a certificate of appealability.

IV.

Respondent's motion for summary judgment [Dkt. 9] is GRANTED.

The Petition for Writ of Habeas Corpus [Dkt. 1] is DISMISSED WITH PREJUDICE.

A Certificate of Appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager